■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES HICKMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered March 16, 1981, convicting him of rape in the first degree, rape in the third degree, sodomy in the first degree, sodomy in the third degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officers.

Judgment affirmed.

The complainant in this case gave the police the names of two of the four men who participated in raping, sodomizing and assaulting her. She also provided the police with the approximate location of a garage where the two named assailants worked. The crime had taken place in a vehicle in a

vacant lot adjacent to the garage. When the police subsequently entered the garage, they found five men working on cars. The five were gathered together and in response to hearing their names called, the two assailants who had been named by the complainant came forward. The defendant and the two others were then asked if they had been in the garage the previous night. The defendant responded in the affirmative, whereupon he was detained for further investigation, and was subsequently identified by the complainant.

We reject the defendant's contention that there was custodial interrogation in the garage. The question asked by police was not one designed to elicit statements from the defendant *(see, People v Huffman,* 41 NY2d 29, 32). On this record it cannot be said that the finding of the suppression court was erroneous as there is sufficient evidence in the record to conclude that the defendant's affirmative response was voluntarily given under noncustodial circumstances *(see, People v Bertolo,* 65 NY2d 111, 116; *People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851).

We have examined the defendant's other contention and find it to be without merit. Weinstein, J. P., Rubin, Eiber and Spatt, JJ., concur.